IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVEN L. FISHER, #A0002539, | ) | CIV. NO. 15-00484 DKW/KSC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| vs. | ) | AS TIME-BARRED AND |
| | ) | DENYING CERTIFICATE OF |
| J. TAYLOR, | ) | APPEALABILITY |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DISMISSING PETITION AS TIME-BARRED
AND DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Before the court is pro se petitioner Steven L. Fisher's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Fisher challenges his judgment of conviction and sentence imposed by the Circuit Court of the Third Circuit, State of Hawaii ("circuit court") on September 2, 1981,[1] in *State v. Fisher*, 3PC00-0-006561.

Respondent argues that Fisher's claims are time-barred pursuant to 28 U.S.C. § 2244(d). Resp't Prelim. Resp., ECF No. 23. Fisher asserts that he is entitled to tolling of the statute of limitation because he has been incarcerated on

---

[1] *See* Pet'r Response, ECF No. 22-1, PageID #97 (state court docket #73).

the Mainland since December 1995, in prisons with allegedly inadequate law libraries, and has had no access to the internet. After careful consideration of the entire record, the court DISMISSES the Petition with prejudice as untimely. Any request for a certificate of appealability ("COA") is DENIED.

## II.  BACKGROUND

Fisher was convicted in the circuit court of Murder, in violation of Hawaii Revised Statutes §§ 707-701(1) & 706-606(a) ("HRS"). The circuit court sentenced him to life imprisonment without parole because Fisher committed the offense while incarcerated at the Kulani Correctional Facility. *See* HRS §§ 707-701 and 706-606(a)(iv).[2] On September 13, 1982, the Hawaii Supreme Court affirmed Fisher's conviction and sentence.

---

[2] When Fisher was convicted, §§ 707-701 and 706-606(a)(iv) provided in relevant part:

**§ 707-701 Murder**.

(1) Except as provided in section 707-702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.

(2) Murder is a class A felony for which the defendant shall be sentenced to imprisonment as provided in section 706-606.

**§ 706-606.** Sentence for offense of murder. The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment. In such cases the court shall impose the maximum length of imprisonment as follows:

(a) Life imprisonment without possibility of parole in the murder of:
$* * *$
   (iv) A person while the defendant was imprisoned.

On or about April 21, 1983, Fisher, proceeding pro se, moved for appointment of counsel to assist him in post-conviction proceedings. Although two attorneys were appointed to assist Fisher, apparently neither filed a petition for post-conviction relief. *See* ECF No. 22-1, PageID 97-99.

On December 12, 1991, Fisher filed a pro se petition for post-conviction relief, which was dismissed on December 17, 1991. ECF No. 25, PageID #124. Fisher did not appeal.

On February 11, 1992, Fisher filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. *See Fisher v. Smythe*, Civ. No. 92-00081 ACK. On May 28, 1992, the district court dismissed this petition as unexhausted. *Id.*, ECF No. 8. Fisher did not appeal.

In December 1995, Fisher was transferred to a private prison on the Mainland by contract between the State of Hawaii Department of Public Safety and the Corrections Corporation of America. Pet'r Resp., ECF 22, Page ID #95. Fisher has remained confined at various prisons on the Mainland since then.

On May 16, 2001, Fisher filed a Motion for Correction of Illegal Sentence, pursuant to Rule 35 of the Hawaii Rules of Penal Procedure ("HRPP") in the circuit court. *See Fisher v. State*, CAAP-14-0000787 (Haw. App. June 30, 2015), ECF No. 25, PageID #149-53; *see also State v. Fisher*, No. 24915, 2002 WL 31873648 (Haw. 2002), ECF No. 25, PageID #145-47. Fisher alleged that he

should have been sentenced to only twenty years imprisonment under HRS § 706-659, rather than his term of life without parole. The circuit court denied the motion and the Hawaii Supreme Court dismissed Fisher's appeal on December 23, 2002, as untimely. *Id.*

Nine years later, on December 28, 2011, Fisher, proceeding pro se, filed a post-conviction petition pursuant to HRPP Rule 40. *Id.*, ECF No. 25, PageID #149-53. Fisher claimed that his indictment and sentence were defective under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the State failed to allege his sentence enhancement of life without parole in the indictment. The circuit court appointed counsel and held an evidentiary hearing. On May 20, 2014, the circuit court denied the Rule 40 petition, finding that Fisher's claims were previously raised and ruled upon in his Rule 35 petition. *See Fisher v. State*, CAAP-14-0000787 (Haw. App. June 30, 2015), ECF No. 25, PageID #151-52.

On June 30, 2015, the Hawaii Intermediate Court of Appeals affirmed the circuit court's decision, additionally holding that Fisher's *Apprendi* claims were without merit because his conviction became final long before *Apprendi* was decided and *Apprendi* does not apply retroactively to such convictions. *Id.* at PageID #152-53. On October 27, 2015, the Hawaii Supreme Court rejected Fisher's application for certiorari. *Fisher v. State*, SCWC 14-0000787 and 14-0000848 (Haw. Oct. 27, 2015).

On November 17, 2015, Fisher filed the present Petition, alleging: (1) Indictment Errors (Ground One); (2) Violation of Due Process (Ground Two); (3) Ineffective Assistance of Counsel (Ground Three); and (4) Lack of Jurisdiction. *See* Pet., ECF 1. This court dismissed the Petition as second or successive. ECF No. 5. Fisher sought reconsideration, ECF No. 7, and successfully appealed. *See* ECF Nos. 13 (notice of appeal); 14 (application for certificate of appealability). On August 23, 2016, the Court of Appeals for the Ninth Circuit vacated the dismissal order and remanded for further proceedings. ECF No. 18.

### III.  28 U.S.C. § 2244

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996. It imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). Under § 2244(d)(1) the limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) tolls the limitation period while a "properly filed" state post-conviction petition is pending.

## IV. DISCUSSION

When, as here, a state petitioner's conviction became final prior to AEDPA's enactment, the one year time period to file a federal petition did not begin to run until AEDPA's enactment date. *See Calderon v. United States Dist. Ct.* (*Beeler*), 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct.* (*Kelly*), 163 F.3d 530, 540 (9th Cir. 1998) (en banc). That is, state petitioners falling into this category had a one-year grace period after AEDPA's enactment to file their federal habeas petitions. *Id.* That grace period expired on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Fisher filed the present Petition almost nineteen years after the grace period expired. Unless he is entitled to an alternative date for commencement of the statute of limitation via statutory or equitable tolling, Fisher's Petition is time-barred.

### A.   No Statutory Tolling Under 28 U.S.C. § 2244(d)

There are no statutory bases for tolling the limitation period on Fisher's Petition under § 2244(d)(1). After he was transferred to the Mainland in 1995,

6

Fisher filed two state post-conviction petitions, in 2001 and 2011, and also filed the present Petition. In each of these proceedings Fisher filed motions and briefs in support of his claims. These filings undercut Fisher's assertion that his confinement on the Mainland prevented him from timely filing the present Petition. *See* 28 U.S.C. § 2244(d)(1)(B); *see also Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (holding delayed accrual under subsection (d)(1)(B) is available only if the impediment prevented petitioner "from presenting his claims in any form, to any court") (emphases omitted).

Fisher does not explicitly assert that he is entitled to tolling based on a "newly recognized" constitutional right made retroactive on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(C). Fisher bases his Petition on the premise that his indictment and sentence are defective under *Apprendi*, however, suggesting this argument. This avenue for tolling is unavailing for two reasons. First, as the Hawaii Intermediate Court of Appeals made clear, it is well-settled that *Apprendi* is not retroactive on collateral review. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005). Second, even if *Apprendi* applied, Fisher failed to file his Rule 35 Petition until May 16, 2001, more than a year after *Apprendi* was decided on March 28, 2000. Fisher then failed to raise this claim in the federal court for another fourteen years, although he was clearly aware of the *Apprendi* decision and knew how to file a federal petition.

Fisher has known the terms of his indictment and the facts underpinning his case for many years and he alleges nothing that can be considered a newly discovered factual predicate. *See* 28 U.S.C. § 2244(d)(1)(D). Statutory tolling under § 2244(d)(1) does not apply.

To the extent Fisher argues that the statute of limitation was tolled under § 2244(d)(2) during the pendency of either of his state post-conviction petitions, he is mistaken. Both state post-conviction petitions were filed years after the statute of limitation had expired, and they cannot revive the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once the statute of limitation has run, a state habeas petition cannot revive it); *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (same).

**B.     Equitable Tolling**

A petitioner may be entitled to equitable tolling of the limitation period upon a showing of extraordinary circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Extraordinary circumstances requires the petitioner to establish two elements: (1) "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations omitted).

8

Equitable tolling is available only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances' were the cause of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010) (emphasis in original) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (further quotations omitted)). "[E]quitable tolling is 'unavailable in most cases'. . . . Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. This requires a demonstration of a causal relationship between the extraordinary circumstance and the lateness of the filing. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

Fisher demonstrates no extraordinary circumstances beyond his control that prevented him from timely filing his claims in federal court. The record shows that Fisher is educated and has been able to challenge his conviction numerous times in the state and federal courts since 1981. His transfer to the Mainland in 1995 and alleged lack of adequate research resources thereafter did not affect that ability. That is, Fisher's transfer to out-of-state prisons does not constitute an extraordinary circumstance warranting equitable tolling of the statute of limitation. Fisher was

notified in 1992 that he must exhaust his claims before raising them in a federal petition for writ of habeas corpus, yet he did nothing to exhaust his claims until 2001. *See* Civ. No. 92-00081 ACK, ECF No. 7, 8. Fisher therefore fails to carry his burden of showing that he diligently pursued his rights or that extraordinary circumstances beyond his control prevented him from filing his claims within the statute of limitation. The Petition is time-barred and is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(d).

## V.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. When a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Fisher fails to make a substantial showing that a reasonable jurist would find the dismissal of this Petition as time-barred is either debatable or wrong. Consequently, no certificate of appealability is warranted.

//

//

//

## VI.  <u>CONCLUSION</u>

The Petition is DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).  A certificate of appealability is DENIED.  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 17, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

<u>Steven L. Fisher, #A0002539 v. Warden J. Taylor</u>; Civil No. 15-00484 DKW/KSC; **ORDER DISMISSING PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY**

*Fisher v. Taylor,* 1:15-00484 DKW/KSC; PSA Habeas 2016 2d Scsv; Fisher, 15-484 dkw (SOL)